IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN E. HUDSON #569457, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:23-cv-00276 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| K. HENDERSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Kevin E. Hudson filed a pro se civil rights complaint under 42 U.S.C. § 1983 while he was confined at the Rutherford County Adult Detention Center. He has since been transferred to Bledsoe County Correctional Complex. Plaintiff also filed an application to proceed as a pauper (Doc. No. 6) and a "motion to recover damages." (Doc. No. 5.) This case is before the Court for initial review. And as explained below, this case will be dismissed for failure to state a claim.

**I.  Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application is accompanied by a certified copy of his inmate trust account statement, as required by statute. (Doc. No. 6 at 3–13); 28 U.S.C. § 1915(a)(2). This application reflects that Plaintiff does not have sufficient funds to pay the full filing fee in advance. (*See* Doc. No. 6 at 3) Accordingly, Plaintiff's application will be granted, and he will be assessed the $350.00 filing fee in the accompanying Order. 28 U.S.C. § 1915(b).

**II.  Initial Review**

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B). The Court must also hold a pro se pleading to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

    A.    <u>Allegations</u>

This case arises from an alleged scheme to defraud Plaintiff perpetrated by Rodale Lewis, a fellow inmate at the Rutherford County Adult Detention Center ("Jail"). Attached to the Complaint are copies of Plaintiff's inmate trust account statement and a grievance. Plaintiff also expands on the allegations in the Complaint in a filing titled "motion to recover damages" (Doc. No. 5), which, although including certain requests for relief, is more of a supplement to the Complaint than a properly-supported motion. For the purpose of initial review, the Court considers the allegations in the Complaint, the attachments to the Complaint, and "motion to recover damages" together and accepts them as true. These allegations are summarized in the following two paragraphs.

Plaintiff ran an "inmate store" at the Jail to supplement his finances, maintaining a stock of commissary items for purchase and charging other inmates double the original price. (Doc. No. 5 at 3.) When Rodale Lewis arrived in Plaintiff's housing unit, Lewis learned of Plaintiff's store. (<u>Id.</u>) Lewis agreed to arrange for $50 to be deposited to Plaintiff's trust account in exchange for items from Plaintiff's store. (*Id.*) Plaintiff's trust account statement reflects that, on February 7, 2023, an individual named Holly Winder deposited $50 in Plaintiff's account using a credit card. (Doc. No. 1 at 12.) Plaintiff then gave Lewis the agreed upon items. (Doc. No. 5 at 3.) On February 14, however, the cardholder associated with the February 7 deposit alleged fraud related to that deposit, resulting in $50 being debited from Plaintiff's account and Plaintiff's account being locked for 24 hours. (Doc. No. 1 at 12; Doc. No. 5 at 3–4.)

Plaintiff confronted Lewis about this development, and Lewis explained that the fraud allegation occurred because Lewis and his girlfriend (presumably referring to Winder) "had been arguing." (Doc. No. 1 at 22.) Lewis agreed to "contact[] someone who he said was his cousin" to deposit $55 in Plaintiff's account. (Doc. No. 5 at 4.) Plaintiff's trust account statement reflects that, on February 15, 2023, an individual named John Asher deposited $55 in Plaintiff's account using a credit card. (Doc. No. 1 at 12.) On February 22, however, the cardholder associated with the February 15 deposit alleged fraud related to that deposit, resulting in $55 being debited from Plaintiff's account and Plaintiff's account being locked for 30 days. (*Id.*; Doc. No. 5 at 4.) Plaintiff's trust account will be permanently locked if it is associated with any more fraudulent transactions. (Doc. No. 5 at 4.) Plaintiff sues Rodale Lewis, Holly Winder, John Asher, and K. Henderson, a Chief at the Jail. (Doc. No. 1 at 1–3.)

B. <u>Legal Standard</u>

On initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

C. <u>Analysis</u>

Plaintiff brings this case under 42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege "that a defendant acted under color of state law" and "that the defendant's conduct

deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted). As explained below, Plaintiff fails to state a Section 1983 claim because he has failed to plausibly allege that three of the four Defendants were state actors, and he likewise has failed to plausibly allege a deprivation of federal law by any Defendant.

1. *Non-State Actors*

Plaintiff alleges that Rodale Lewis (a fellow inmate) arranged for Holly Winder and John Asher (private parties allegedly identified as Lewis' girlfriend and cousin, respectively) to deposit money in Plaintiff's trust account and then claim that the deposits were the result of credit card fraud. But these allegations, even if true, do not establish that Lewis, Winder, and Asher acted under color of state law, as required to state a Section 1983 claim.

"Section 1983, by its own terms, applies only to those who act 'under color' of state law. Therefore, as a general rule, [Section] 1983 does not reach the conduct of private parties acting in their individual capacities." *Weser v. Goodson*, 965 F.3d 507, 515 (6th Cir. 2020) (citing *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)). There is an exception to this general rule where "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *See Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 676 (6th Cir. 2018) (explaining that the Sixth Circuit's various tests for "assessing whether a private entity is a state actor . . . boil down to [this] core question" (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001))). But Plaintiff provides no basis to attribute Lewis' alleged conduct—that of a fellow inmate perpetrating a scheme to defraud Plaintiff—to the State. *See Goodell v. Anthony*, 157 F. Supp. 2d 796, 801 (E.D. Mich. 2001) (collecting cases for the proposition that "an inmate is not a

state actor or a person acting under the color of state law for purposes of stating a claim under § 1983"). Likewise, the Court has no basis to attribute the alleged conduct of Winder and Asher—that of private parties outside the Jail participating in a scheme to defraud Plaintiff—to the State. *See McLaughlin v. Wilson*, No. 15-cv-11607, 2015 WL 2250994, at *2 (E.D. Mich. May 13, 2015) (holding that defendants who allegedly defrauded inmates in legal research scheme were not state actors).

Section 1983's state-action requirement "assure[s] that constitutional standards are invoked '[only] when it can be said that the State is responsible for the specific conduct of which the plaintiff complains,'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 992 (1982)),[1] even when that conduct is blameworthy or unfair. Because Plaintiff has not plausibly alleged that the State is responsible for the alleged conduct of Lewis, Winder, and Asher, Plaintiff cannot pursue a claim against these three Defendants under Section 1983.

2. *No Deprivation of Federal Law*

As for Jail Chief Henderson—the fourth and final Defendant—the Court assumes without deciding that Plaintiff may be able to allege state-actor status by virtue of Henderson's position as an employee at the Jail. But when it comes to alleging a deprivation of federal law, the Complaint falls short. After listing Henderson as a Defendant on the Complaint form, Plaintiff does not allege any conduct attributable to Henderson on the Complaint form, the attachments to the Complaint, or the "motion to recover damages." Even under the liberal standard for reviewing pro se pleadings, that does not suffice to state a claim for relief against Henderson. *See Gilmore v. Corr.*

---

[1] The bracketed word was included in *Blum* but not, for whatever reason, in *Brentwood Acad.* even though the word's inclusion seems essential to making the point *Brentwood Acad.* was attempting to make in quoting *Blum*.

*Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978))).

Indeed, Plaintiff fails to properly identify a federal right deprived him by *any* of the Defendants. In the space on the Complaint form to identify the "federal constitutional and/or statutory right(s)" that Plaintiff claims "is/are being violated by state or local officials," Plaintiff references the Fifth, Sixth, and Seventh Amendments. (Doc. No. 1 at 3.) But Plaintiff does not explain his theory of relief under those Amendments, and it is not readily apparent to the Court how the facts alleged by Plaintiff—facts concerning an alleged scheme to defraud Plaintiff by private parties—might encompass the elements of a constitutional claim. Plaintiff's invocation of federal law, therefore, amounts to no more than a conclusory assertion of legal liability, which is not enough to state a claim for relief. *See Gilmore*, 92 F. App'x at 190 ("[E]ven pro se complaints must satisfy basic pleading requirements. A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory." (citations omitted)).

### III.   Conclusion

For these reasons, Plaintiff's application to proceed as a pauper will be granted, this case will be dismissed for failure to state a claim, and Plaintiff's supplemental filing titled "motion to recover damages" will be denied as moot.

The dismissal of this case will be with prejudice, except as to any state-law claim Plaintiff may assert against the private parties who Plaintiff alleges defrauded him—Rodale Lewis, Holly Winder, and John Asher. The Court, however, makes no representations about the potential viability of any state-law claims Plaintiff may assert against those individuals.

An appropriate Order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE